The Honorable Tana Lin

1

2

3

4

5

6

7

8

9

10

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>STUART MACGREGOR HOFFMAN,<br><br>Defendant. | NO. CR22-018 TL<br><br>GOVERNMENT'S SENTENCING<br>MEMORANDUM |

11

12

13

14

15

16

17

18

19

20

21

The United States of America, by and through Nicholas W. Brown, United States Attorney for the Western District of Washington, and Laura Harmon, Special Assistant United States Attorney for said District, respectfully submits this Sentencing Memorandum in the above-captioned case.

Defendant, Stuart MacGregor Hoffman, is before the Court for sentencing following his plea of guilty to Count 1, Production of Child Pornography, in violation of 18 U.S.C. § 2251(a) and (e), and Count 2, Possession of Child Pornography, in violation of 18 U.S.C. § 2252(a)(4) and § 2252(b)(2). Sentencing is scheduled for June 15, 2022, at 9:00 a.m.

For the reasons that follow, the Court should follow the agreed recommendation of counsel: 240 months' confinement on Count 1, 180 months' confinement on Count 2,

22

23

24

25

26

27

28

SENTENCING MEMORANDUM – 1
*United States v. Hoffman* – CR22-018 TL

1  concurrent to one another as well as t0 King County Superior Court Cause Number 20-1-
2  04874-3; and lifetime supervised release on both counts.
3
4              I.      FACTUAL BACKGROUND
5       As set forth in the plea agreement, starting March 15, 2020, Mr. Hoffman
6  corresponded with an individual who lived in the United Kingdom and was arrested for
7  child sexual abuse imagery.  Dkt. 13 at ¶ 9.  That arrest led to discovery of such
8  correspondence and a subsequent search warrant on Mr. Hoffman's home in May 2020.
9  Law enforcement discovered child sexual abuse imagery on Mr. Hoffman's devices,
10 including video of Mr. Hoffman anally penetrating MV1, who was 11 at the time of the
11 warrant.  In total, HSI recovered 7 videos, and 1,764 images from his devices, which
12 were sent to the National Center for Missing and Exploited Children for any victim
13 identification.  A subsequent report revealed that 283 series victims were identified in
14 Mr. Hoffman's collection.  Although some of these victims reside in Russia, Switzerland,
15 Australia, and other foreign locations, many were able to submit victim impact statements
16 and restitution requests for the Court's consideration.
17      Mr. Hoffman was arrested and held in King County Jail beginning on May 14,
18 2020, for charges related to the sexual abuse of MV1 in state court.  He was sentenced on
19 those matters on April 15, 2022, as part of a global resolution with this case.  Judge
20 Michael Scott agreed to follow the joint recommendation at that hearing and imposed 240
21 months on two counts of Rape of a Child in the First Degree as well as 198 months on
22 two counts of Child Molestation in the First Degree, all concurrent to each other.
23
24              II.     GUIDELINES CALCULATIONS
25      The government concurs with the U.S. Probation Office calculation of the offense
26 level (see PSR at ¶¶ 13–25), with the addition of the three-level variance for providing a
27 psychosexual assessment as noted in the plea agreement.  The government's calculations
28 are as follows for each count:

SENTENCING MEMORANDUM – 2
*United States v. Hoffman* – CR22-018 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

| | | |
|---|---|---|
| Base Offense Level | 32 | USSG § 2G2.1(a) |
| Minor under 12 | +4 | USSG § 2G2.1(b)(1) |
| Commission of Sexual Act | +2 | USSG § 2G2.1(b)(2)(A) |
| Knowing Distribution | +2 | USSG § 2G2.1(b)(3) |
| Sadistic or Masochistic Conduct | +4 | USSG § 2G2.1(b)(4) |
| Parent or Guardian of Minor | +2 | USSG § 2G2.1(b)(5) |
| Multiple Count Adjustment: | +2 | USSG §3D1.1; §3D1.4 |
| Acceptance of Responsibility | -3 | USSG § 3E1.1(a), (b) |
| Psychosexual Assessment | -3 | |
| **Total** | **42** | |

Although the total offense level would otherwise be 19, the government requests that the Court impose a 3-level downward variance based on Hoffman's willingness to undergo a psychosexual assessment and polygraph and to share the results of that assessment prior to sentencing. This variance is in addition to the 3-level reduction that Mr. Hoffman should receive for his acceptance of responsibility. *See* PSR ¶ 24. The government often requests such variances when the defendant undergoes such assessments, as Mr. Hoffman has, because they provide the Court and government greater insight into the likelihood of re-offense. Based on that offense level, Mr. Hoffman's guidelines range is calculated at **360 months to life**.

### III.  SENTENCING RECOMMENDATION

The joint sentencing recommendation is sufficient, but not more than necessary to comply with the purposes set forth in § 3553(a) for the reasons outlined herein.

**A.    Term of Imprisonment**

**1.    The Nature and Circumstances of the Offense**

It cannot be disputed that the nature of these offenses was substantial in duration and severity to the victim. Mr. Hoffman admitted to raping and abusing MV1 while in his care and custody from ages 5 to 11. Worse yet, he documented this abuse and shared

SENTENCING MEMORANDUM – 3
*United States v. Hoffman* – CR22-018 TL

1  it with like-minded individuals online.  He also amassed a large collection of depictions

2  of child sexual abuse from victims all over the world.  In light of the defendant's conduct,

3  a twelve-month term as defined above, is appropriate.  Child pornography possession and

4  distribution, even passive distribution, have devastating effects on the victims of those

5  offenses, who are retraumatized each time a new offender possesses and views the

6  images of them being abused as a child.  Importantly, these are the effects on the victims

7  that are completely distinct from the effects of the original sexual abuse displayed in the

8  images; the continued circulation of those images ravages victims' lives long after the

9  abuse has ended.

10        **2.      The History and Characteristics of the Defendant**

11        The government's recommendation of a sentence below the guidelines range is

12  based on Mr. Hoffman's conduct, early acceptance of responsibility, absence of criminal

13  history, and age.  The government took into consideration Mr. Hoffman's psychosexual

14  evaluation, in which Mr. Hoffman was cooperative, and which indicated that Mr.

15  Hoffman is amenable to treatment.  All of these considerations, in addition to Mr.

16  Hoffman's agreement to plead guilty in state court and preventing the need for MV1 to

17  be further traumatized by one or more trials justify a below range sentence.

18        **3.      Promoting Respect for the Law, Providing Just Punishment, and**

19              **Affording Adequate Deterrence to Criminal Conduct**

20        This recommended sentence is the shortest sentence necessary to impress upon

21  Mr. Hoffman and others the seriousness of his offense and to deter future similar conduct.

22  That sentence is not too harsh, as it is far below the low end of the guidelines range—a

23  range that already incorporates the government's request for an additional 3-point

24  variance in Mr. Allen's favor due to his participation in the psychosexual evaluation.  It

25  also acknowledges the pain and future trauma felt by MV1 and the victims depicted in

26  Mr. Hoffman's collection.

27

28

SENTENCING MEMORANDUM – 4
*United States v. Hoffman* – CR22-018 TL

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**4.      Avoiding Unwarranted Sentencing Disparity**

The parties' joint recommendation is warranted based upon the facts of this case and with thoughtful consideration given to the defendant's history, personal characteristics, risk to the community, and repeated involvement in child sexual abuse as well as collection and distribution of such imagery.

The government has taken all of the foregoing into consideration in arriving at its recommendation.

**B.      Supervised Release**

The parties further recommend a period of supervised release for the remainder of Mr. Hoffman's life.  Given the defendant's conduct, it is important that the U.S. Probation Office maintain supervision over the defendant—and have the authority to search his electronic devices, as necessary—following his release to ensure that he is not accessing this type of material.  The government agrees with the special conditions recommended by the Probation Office.

**C.      Fines and Assessments**

The Court must order the $100 special assessment required.  If the Court makes a finding that Mr. Hoffman is indigent, the Court need not order the $5,000 penalty assessment under the Justice for Victims of Trafficking Act of 2015.  *See* 18 U.S.C. § 3014(a)(3) (imposing such an assessment for all non-indigent persons convicted under Chapter 110 of Title 18, which Chapter includes Section 2252).

**D.      Restitution**

MV1 does not have any restitution requests currently.  However, many of the victims depicted in Mr. Hoffman's collection have made restitution requests.  Pursuant to Amy, Vicki, and Andy Child Pornography Victim Assistance Act of 2018 (AVAA), Public Law 115-299, any defendant convicted of "trafficking in child pornography" must pay a <u>minimum</u> of $3,000 in restitution per victim for each count of conviction.  The

SENTENCING MEMORANDUM – 5
*United States v. Hoffman* – CR22-018 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

1  following series victims whose files were possessed by Mr. Hoffman have filed

2  restitution requests in the following amounts:

3       Sweet Pink Sugar      $5,000

4       Sweet White Sugar     $5,000

5       BluePillow1          $5,000

6       Lighthouse1          $10,000

7       Rap72              $5,000

8       RapJerseys           $5,000

9       Marineland1          $10,000

10      Jan_Socks1          $10,000

11      Motorcouch1         $5,000

12      Vicky              $10,000

13      At School           $10,000

14      Best Necklace       $5,000

15      Misty              $3,000

16      Jenny              $3,000

17      CinderblockBlue     $3,000

18      BluesPink1          $3,000

19      PinkHeartSisters2     $3,000

20      Cindy              $8,000

21      **Total**            **$108,000.00**

22  The government respectfully requests the Court order restitution to the victims of

23  Hoffman's crimes.

24  /

25  /

26  /

27  /

28  /

SENTENCING MEMORANDUM – 6
*United States v. Hoffman* – CR22-018 TL

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

IV.    CONCLUSION

The government therefore respectfully recommends the Court impose a sentence of 240 months imprisonment on Count 1, 180 months on Count 2, concurrent to each other and the King County matter, followed by lifetime supervised release. This sentence takes into consideration the defendant's misconduct, his acceptance of responsibility, and the need for the sentence to provide just punishment and promote respect for the law.

DATED this 8th day of June, 2022.

Respectfully submitted,

NICHOLAS W. BROWN
United States Attorney

*s/ Laura Harmon*
Laura Harmon
Special Assistant United States Attorney
United States Attorney's Office
700 Stewart Street, Suite 5220
Seattle, WA 98101-3903

SENTENCING MEMORANDUM – 7
*United States v. Hoffman* – CR22-018 TL